JAN T. CHILTON (State Bar No. 47582)
jtc@severson.com
DONALD H. CRAM (State Bar No. 160004)
dhc@severson.com
BERNARD J. KORNBERG (State Bar No. 252006)
bjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Plaintiff Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>TIMOTHY DAVID MURPHY,<br><br>　　　　Debtor. | Case No. 6:17-bk-20442-MW<br><br>Chapter 11<br><br>Adv No. 6:18-ap-___ |
| WELLS FARGO BANK, N.A., a national banking association,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TIMOTHY DAVID MURPHY, LYNDA T. BUI, as Trustee, PATRICK KEITH LAFFERTY, and MARY JANE LAFFERTY,<br><br>　　　　Defendants. | **COMPLAINT IN INTERPLEADER** |

　　　　Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") alleges:

　　　　1.　　This is a complaint in interpleader under Federal Rule of Bankruptcy Procedure 7022 and Federal Rule of Civil Procedure 22.

　　　　2.　　Wells Fargo is the judgment debtor in an action entitled *Patrick and Mary Lafferty v. Fleetwood Motor Homes, et al.*, No. STK-CV-UBC-2006-0013311 (formerly No. CV 030892)

in the Superior Court of the State of California for San Joaquin County ("Lafferty Action").

3. On September 28, 2015, an amended judgment was entered in the Lafferty Action, awarding plaintiffs Patrick Keith Lafferty and Mary Jane Lafferty $40,596.93 in prejudgment interest and $8,384.33 in costs. A true copy of the amended judgment is attached as Exhibit A.

4. Wells Fargo appealed from the amended judgment. The awards of prejudgment interest and costs were affirmed on appeal. *Lafferty v. Wells Fargo Bank, N.A.*, 25 Cal.App.5th 398, 414-416, 428 (2018). On November 1, 2018, the California Court of Appeal for the Third Appellate District issued its remittitur, ending the appeals in the Lafferty Action.

5. Wells Fargo now wishes to pay the prejudgment interest and costs awarded by the amended judgment in the Lafferty Action, together with accrued post-judgment interest, and receive a full satisfaction of that judgment.

6. Each of the defendants named in this complaint does or may claim an interest in the sums Wells Fargo owes under the amended judgment in the Lafferty Action.

    a. Patrick Keith Lafferty and Mary Jane Lafferty (the "Laffertys") were the plaintiffs in the Lafferty Action. The amended judgment is in their favor and awards them prejudgment interest and costs.

    b. Timothy David Murphy ("Murphy") was the Laffertys' attorney in the Lafferty Action. Wells Fargo is informed and believes, and thereon alleges, that under an agreement he entered into with the Laffertys, Murphy has or claims an interest in the sums Wells Fargo owes under the amended judgment.

    c. Lynda T. Bui ("Bui") has been appointed the bankruptcy trustee in Murphy's Chapter 7 bankruptcy case. On November 2, 2018, Bui informed Wells Fargo that, as trustee, she intends to assert an interest in the sums Wells Fargo owes under the amended judgment in the Lafferty Action.

7. The defendants' conflicting claims to the sums due under the amended judgment in the Lafferty Action expose Wells Fargo to the potential of double or multiple liability.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b), (c) and 1334(b) as it is a civil adversary proceeding arising in or related to Murphy's Chapter 7 bankruptcy case.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding arises in or is related to Murphy's Chapter 7 bankruptcy case which is pending in this Court.

**Parties**

10. Well Fargo is a national banking association. It is a citizen of the State of South Dakota where its main office is located, as designated in its articles of association.

11. Timothy David Murphy is the debtor in this Chapter 7 case. He is an attorney licensed to practice law in the State of California. He represented the Laffertys in the Lafferty Action.

12. Lynda T. Bui is the Chapter 7 trustee, appointed by this Court to administer Murphy's bankrupt estate. She is sued in this action solely in her capacity as trustee of the estate in this Chapter 7 case.

13. Patrick Keith Lafferty and Mary Jane Lafferty were the plaintiffs in the Lafferty Action.

**CLAIM FOR INTERPLEADER**
**(Federal Rule of Bankruptcy Procedure 7022)**

14. Wells Fargo realleges and incorporates by this reference the allegations of paragraphs 1-13 above.

15. Each defendant has asserted or may assert that he or she is entitled to the sums Wells Fargo owes under the amended judgment in the Lafferty Action. Defendants' claims to those sums conflict with each other. Each defendants has made or may make demand on Wells Fargo to pay him or her the sums owed under the amended judgment in the Lafferty Action or may seek to execute on that judgment.

16. By reason of defendants' conflicting claims, Wells Fargo is in great doubt as to

which defendant is entitled to payment of some or all of the sums owed under the amended judgment in the Lafferty Action.

17.    By reason of defendants' conflicting claims, Wells Fargo is at risk of being subjected double or multiple liability and to conflicting judicial orders of this Court and of the court in the Lafferty Action regarding payment of sums owed under the amended judgment in the Lafferty Action.

18.    Wells Fargo is indifferent with respect to which party is entitled to sums owed under the amended judgment in the Lafferty Action.

19.    Wells Fargo is unable to safely determine which parties' claim to the sums owed under the amended judgment in the Lafferty Action is valid.

20.    Wells Fargo has incurred attorneys' fees and costs as a result of this proceedings

WHEREFORE, Wells Fargo prays for:

1.    An Order to interplead the sums owed under the amended judgment in the Lafferty Action into the registry of the Court.

2.    An order discharging Wells Fargo of all liability under the amended judgment in the Lafferty Action upon Wells Fargo's payment into this Court's registry of the sums owed under that amended judgment.

3.    An order directing the Laffertys and Murphy to execute and file in the Lafferty Action a full satisfaction of the amended judgment in that action upon Wells Fargo's payment into this Court's registry of the sums owed under that amended judgment.

4.    An order enjoining the Laffertys and Murphy from executing on or otherwise enforcing or attempting to enforce the amended judgment in the Lafferty Action during the pendency of this adversary proceeding.

5.    An order awarding Wells Fargo its reasonable attorneys' fees and costs incurred in pursuing the interpleader remedy from the sums owed under the amended judgment in the Lafferty Action in an amount to be determined by the Court.

6.    An order dismissing Wells Fargo from this action upon depositing the sums owed under the amended judgment in the Lafferty Action into the registry of the Court.

7. Such other and further relief as the Court deems just and proper.

DATED:  November 5, 2018

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ *Donald H. Cram*_____
         Donald H. Cram

Attorneys for Plaintiff Wells Fargo Bank, N.A.